THOMAS E. LOESER (SBN 202724)
tloeser@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206)-802-1272
Fax: (206)-299-4184

*Counsel for Plaintiffs and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE PARRA, CHASSIE SCHULTZ, and DANIELLE SHELLEY, on behalf of themselves and a class of similarly situated persons, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| vs. | **DEMAND FOR A JURY TRIAL** |
| HOT TOPIC, INC. d/b/a/ HOT TOPIC and BOXLUNCH, TORRID LLC, | |
| Defendants. | |

Plaintiffs Candace Parra, Chassie Schultz, and Danielle Shelley, individually and on behalf of all others similarly situated, bring this action against Defendant Hot Topic, Inc. d/b/a Hot Topic and BoxLunch ("Hot Topic") and Defendant Torrid, LLC ("Torrid") (collectively "Defendants"), seeking monetary damages, restitution, and/or injunctive relief for the proposed Class and Subclasses, as defined below. Plaintiffs make the following allegations upon information and belief, the investigation of counsel, and personal knowledge or facts that are a matter of public record.

## I.    INTRODUCTION

1.    The release, disclosure, and publication of sensitive, private data can be devasting. Not only is it an intrusion of privacy and a loss of control, but it is a harbinger of identity theft: for victims of a data breach, the risk of identity theft more than quadruples.[1] A data breach can have a grave consequences for victims for years after the actual date of the breach—with the obtained information, thieves can wreak many forms of havoc: open new financial accounts, take out loans, obtain medical services, obtain government benefits, and/or obtain driver's licenses in the victims' names, forcing victims to maintain a constant vigilance over the potential misuse of their information.

2.    City of Industry, California-based Hot Topic and affiliated brands BoxLunch and Torrid are merchants of countercultural "fast fashion" apparel, gifts and music. Founded in 1989, Hot Topic brands itself as a "cultural icon and fandom

1

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

haven for shoppers obsessed with music, movies, TV shows and all things pop culture."[1] Hot Topic boasts over 630 stores throughout the United States and Canada. In a similar vein, BoxLunch markets itself as a "civic-minded web and brick and mortar based specialty retailer" that offers both licensed and non-licensed goods.[2] Sister brand Torrid is an LLC that retails plus-size clothing and accessories for women in over 650 stores throughout the United States and Canada. On information and belief, all information relating to Torrid's customers are contained within and stored in Hot Topic's information systems and databases.

3.    On October 23, 2024, Israeli security firm Hudson Rock announced that it was investigating an alleged data breach two days after hacker "Satanic" posted a thread seeking to sell databases related to Hot Topic, Box Lunch, and Torrid.[3] Calling it the "largest retail data breach in history," Hudson Rock noted that the hacker claimed to have access to 350 million customers' personal identifying information (PII) which included names, emails, addresses, phone numbers, and birthdates.[4] Additionally, "Satanic" offered to sell "billions of payment details."[5]

---

[1] www.hottopic.com.

[2] www.boxlunch.com.

[3] Hudson Rock, *Largest Retail Breach in History: 350 Million 'Hot Topic' Customers' Personal & Payment Data Exposed – As a Result of Infostealer Infection*, Oct. 23, 2024, https://www.linkedin.com/pulse/largest-retail-breach-history-350-million-hot-topic-customers-stkqe (last visited Dec. 2, 2024).

[4] *Id.*

[5] *Id.*

CLASS ACTION COMPLAINT

2

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

4.      Without any announcements from Hot Topic, privacy company Atlas Privacy was able to confirm the data breach in early November by obtaining a copy of the stolen database from "Satanic."[6] Atlas Privacy announced the stolen data contained 54 million unique email addresses and details for 25 million credit card numbers. The credit card accounts had only been "lightly encrypted," which would make it easily possible for hackers to decrypt and fraudulently use the account information. Atlas Privacy estimated it would "decrypt the whole thing in the next few days."[7] In light of Atlas Privacy's estimation, PC Mag stated that the lack of secure encryption suggested Hot Topic was storing the account details using "outdated security protocols."[8]

5.      Despite knowing how valuable customer information is, Defendants failed to adequately protect Plaintiffs' and Class Members' PII. This PII was compromised due to Defendants' negligent and/or careless acts and omissions and their utter failure to protect customers' sensitive data. Hackers targeted and obtained Plaintiffs' and Class Members' PII because of its value in exploiting and stealing the identities of Plaintiffs and Class Members. The present and continuing risk to victims of the Data Breach will remain for their respective lifetimes.

---

[6] Michael Kan, *Hot Topic Breach Confirmed, Millions of Credit Cards, Email Addresses Exposed*, PC Mag, Nov. 6, 2024, https://www.pcmag.com/new/hot-topic-breach-confirmed-millions-of-credit-cards-email-addresses-exposed (last visited Dec. 2, 2024).
[7] *Id.*
[8] *Id.*

CLASS ACTION COMPLAINT

3

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

6.    As a result of the Data Breach, through which their Personally Identifiable Information ("PII") was compromised, disclosed, and obtained by unauthorized third parties, Plaintiffs and Class Members have suffered concrete damages and are now exposed to a heightened and imminent risk of fraud and identity theft for a period of years, if not decades. Furthermore, Plaintiffs and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft, at their own expense. Consequently, Plaintiffs and the other Class Members will incur ongoing out-of-pocket costs for, *e.g.*, purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft.

7.    By this Complaint, Plaintiffs seek to remedy these harms on behalf of themselves and all similarly situated individuals whose PII was accessed during the Data Breach.

## II.    JURISDICTION & VENUE

8.    This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711, et seq., because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. This Court also has diversity jurisdiction

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

over this action pursuant to 28 U.S.C. § 1332(a). This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

9.     The Court has jurisdiction over Defendants because both entities maintain their principal place of business in this District, have sufficient minimum contacts with this District, and have purposefully availed themselves of the privilege of doing business in this District such that it could reasonably foresee litigation being brought in this District.

10.     Venue is proper in this District under 28 U.S.C. § 1391(a) through (d) because Defendants' principal place of business is located in this District and a substantial part of the events or omissions giving rise to the claims occurred in, was directed to, and/or emanated from this District.

### III.     PARTIES

#### A. Plaintiff Candace Parra

11.     Plaintiff Candace Parra is a resident and citizen of California.

12.     Plaintiff Parra has been a rewards member of both Hot Topic and Torrid for at least ten years.

13.     Plaintiff made regular purchases at Hot Topic and Torrid with both debit and credit cards.

14.     Plaintiff estimates she shopped at both retailers approximately every three months and she last made a purchase in November 2024.

5

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

15. Plaintiff never received a notice from Hot Topic or Torrid of the data breach.

**B. Plaintiff Chassie Schultz**

16. Plaintiff Chassie Schultz is a resident and citizen of Illinois.

17. Plaintiff has been a rewards member for both Hot Topic and Torrid for several years.

18. Plaintiff made several purchases at Hot Topic and Torrid.

19. Plaintiff purchased goods at Hot Topic using her personal debit card and merchandise at Torrid with a Torrid credit card.

20. Plaintiff never received any notice of the data breach from Hot Topic or Torrid.

**C. Plaintiff Danielle Shelley**

21. Plaintiff Danielle Shelley is a resident and citizen of Nevada.

22. Plaintiff is a member of the Hot Topic rewards program.

23. Plaintiff used a Paypal account connected to her email and bank account to make purchases at Hot Topic.

24. Plaintiff never received a notice about the data breach from Hot Topic.

**D. Defendant Hot Topic**

25. Defendant Hot Topic is a corporation based in City of Industry, California, where it maintains its principal place of business.

CLASS ACTION COMPLAINT

### E. Defendant Torrid, LLC

26.    Defendant Torrid, LLC is a limited liability company based in City of Industry, California, where it maintains its principal place of business.

27.    Defendant Torrid was launched as a wholly owned concept store in 2001 by Hot Topic.

28.    In 2015, Torrid was separated from Hot Topic and became Torrid, LLC.

29.    Defendants Torrid and Hot Topic are both owned by Sycamore Partners, a private equity firm.

30.    Upon information and belief, Hot Topic has always stored and maintained information relating to Torrid and its customers, and it continues to do so at present.

### IV.    FACTUAL BACKGROUND

### A. Hot Topic Failed to Adequately Protect Customer Data, Resulting in the Data Breach

31.    On the Privacy Policy of its website, Hot Topic declares that it takes "precautions intended to help protect information that we process" but admits that "no system or electronic data transmission is completely secure."[9] Hot Topic also assures

---

[9] https://www.hottopic.com/customer-service-hot-topic-policies/privacy-policy/ (last visited Dec. 3, 2024).

CLASS ACTION COMPLAINT

7

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

its customers that should a breach occur, they will provide consumers with notice as required by applicable law.[10]

32.    Notwithstanding these promises, in October 2024, Hot Topic experienced a data breach affecting around 54 million unique email accounts and containing information about Hot Topic and Torrid customers and transactions spanning from 2011 to 2024.[11]

33.    To date, Hot Topic and Torrid have failed to notify any of their customers or make any public statement about the data breach, despite confirmation that the breach is legitimate from numerous security industry sources.

34.    Defendants were familiar with their obligations – created by contract, industry standards, common law, and representations to its customers – to protect customer information. Plaintiffs and Class Members provided their Private Information to Hot Topic and Torrid with the reasonable expectation that Defendants would comply with their obligations to keep such information confidential and secure.

35.    Hot Topic and Torrid failed to comply with these obligations, resulting in the Data Breach. Plaintiffs and Class Members now face years of constant surveillance of their financial and personal records.

---

[10] *Id.*

[11] *See* Kan, *supra* note 6, at *2.

CLASS ACTION COMPLAINT

8

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

**B. The Data Breach Puts Consumers at Increased Risk of Fraud and Identity theft**

36.    An identity thief uses victims' PII, such as name, address, and other sensitive and confidential information, without permission, to commit fraud or other crimes that range from immigration fraud, obtaining a driver's license or identification card, obtaining government benefits, and filing fraudulent tax returns to obtain tax refunds.

37.    Identity thieves can use a victim's PII to open new financial accounts, incur charges in the victim's name, take out loans in the victim's name, and incur charges on existing accounts of the victim. Plaintiffs' finances are now at risk due to the Data Breach.

38.    Identity theft is the most common consequence of a data breach—it occurs to 65% of data breach victims.[12] Consumers lost more than $56 billion to identity theft and fraud in 2020, and over 75% of identity theft victims reported emotional distress.[13]

39.    Plaintiffs and members of the Class are now in the position of having to take steps to mitigate the damages caused by the Data Breach. Once use of compromised non-financial PII is detected, the emotional and economic consequences

---

[12] Eugene Bekker, *What Are Your Odds of Getting Your Identity Stolen?,* IDENTITYFORCE (Apr. 15, 2021), https://www.identityforce.com/blog/identity-theft-odds-identity-theft-statistics (last visited Dec. 3, 2024).
[13] *Id.*

9

CLASS ACTION COMPLAINT                                    Cotchett, Pitre & McCarthy, LLP
                                                         1809 7th Avenue, Suite 1610
                                                         Seattle, WA 98101

to the victims are significant. Studies done by the ID Theft Resource Center, a non-profit organization, found that victims of identity theft had marked increased fear for personal financial security. The report attributes this to more people having been victims before, contributing to greater awareness and understanding that they may suffer long term consequences from this type of crime.[14]

40.     Hot Topic and Torrid failed to protect and safeguard Plaintiffs' and Class Members' private information, in fact failing to adhere to even their most basic obligations. As a result, Plaintiffs and Class Members have suffered or will suffer actual injury, including loss of privacy, costs, and loss of time.

## V.     CLASS ACTION ALLEGATIONS

41.     Plaintiffs bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a proposed nationwide class (the "Class"), defined as:

> All natural persons in the United States whose Personally Identifiable Information was compromised as a result of the Data Breach.

42.     Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest, any of the officers or directors of Defendants, the legal

---

[14] Identity Theft: The Aftermath 2013, Identity Theft Resource Center, https://idtheftcenter.org/wp-content/uploads/2021/09/Aftermath2013.pdf (last visited Dec. 3, 2024).

CLASS ACTION COMPLAINT                         Cotchett, Pitre & McCarthy, LLP
                                               1809 7th Avenue, Suite 1610
                                               Seattle, WA 98101

representatives, heirs, successors, and assigns of Defendants, and any Judge to whom this case is assigned, and his or her immediate family.

43.     The definition of the Class may be further modified or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

44.     The California Subclass is defined as follows:

> All Class members who are residents of the State of California.

45.     The definition of this subclass may be further modified or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

46.     **Numerosity and Ascertainability:** Plaintiffs do not know the exact size of the Class or the identity of the Class Members because such information is in the exclusive control of Defendants. Nevertheless, based on published reports, the Class comprises millions of consumers throughout the United States and the State of California. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court. The names, phone numbers, and addresses of Class Members are identifiable through documents maintained by Defendants.

11

CLASS ACTION COMPLAINT

47.    **Commonality and Predominance:** This action involves common questions of law and fact as to all members of the class, which predominate over any question solely affecting individual Class Members. Common questions of law and fact include, but are not limited to, the following:

(a) Whether Defendants engaged in the conduct alleged herein;

(b) Whether Defendants' conduct is unlawful under the California's Consumer Privacy Act §1798.150;

(c) Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, et seq.;

(d) Whether Defendants had a legal duty to use reasonable security measures to protect Plaintiffs' and Class Members' PII;

(e) Whether Defendants' failure to implement effective security measures to protect Class Member Private Information was negligent;

(f) Whether Defendants timely informed Plaintiffs of the Data Breach;

(g) Whether Plaintiffs and Class Members are entitled to injunctive relief; and

(h) Whether, as a result of Defendants' conduct, Plaintiffs and the Class are entitled to damages and equitable relief.

48.    **Typicality:** Plaintiffs' claims are typical of the other Class Members' claims because all Class Members were comparably injured through Defendants' substantially uniform misconduct described above. Plaintiffs are advancing the same

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

claims and legal theories on behalf of themselves and all other members of the Class that they seek to represent, and there are no defenses that are unique to Plaintiffs. Plaintiffs and Class Member claims and injuries arise from the same facts and are based on the same law.

49.   **Adequacy:** Plaintiffs are adequate Class Representatives because their interests do not conflict with the interests of other Class Members they seek to represent; Plaintiffs have retained competent counsel that is experienced in complex class action litigation; and Plaintiffs intend to vigorously prosecute this action. The interests of Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

50.   **Superiority:** A class action is superior to other available methods for fair and efficient adjudication of this controversy. No unusual difficulties are likely to be encountered in the management of this class action. The damages suffered by Class Members are relatively small compared to the expense required to individually litigate their claims against Defendants, so it would be virtually impossible for the Class Members to seek individual redress against Defendants' wrongful conduct.

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

# VI.    CAUSES OF ACTION

**A.    Claims Brought on Behalf of the Nationwide Class**

### COUNT ONE
### NEGLIGENCE

51.    Plaintiffs incorporate all foregoing factual allegations as if fully set forth herein.

52.    Defendants owed Plaintiffs and Class Members a duty to exercise reasonable care in safeguarding their personal information, arising from the sensitivity of the information, the expectation the information was going to be kept private, and the foreseeability of its data safety shortcomings resulting in a breach. This duty included designing, implementing, maintain, monitoring, and testing Defendants' protocols, policies, procedures, practices, networks, and systems to ensure Class Member information was sufficiently secure.

53.    Defendants owed a duty to Plaintiffs and Class Members to implement administrative, physical and technical safeguards, such as intrusion detection processes that detect data breaches in a timely manner, to protect and secure Plaintiffs' and Class Members' PII. Defendants owed a duty to provide industry standard data security measures. Defendants owed a duty under Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, which prohibits the unfair practice of insufficient and unreasonable data protection measures.

14

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

54.     Defendants owed a duty to disclose the material fact that its data security practices were inadequate to safeguard Plaintiffs' and Class Members' PII.

55.     Defendants also had independent duties under Plaintiffs' and Class Members' state laws that require Defendants to reasonably protect Plaintiffs' and Class Members PII, and promptly notify them about the breach.

56.     Defendants and the Class entered into a special relationship when the Class members entrusted Defendants to protect their Private Information, which provided an independent duty of care. Plaintiffs' and Class Members' willingness to entrust Defendants with their PII was predicated on the understanding that Defendants would take adequate security precautions. Defendants were capable of protecting their networks and systems, and the PII they stored on them, from unauthorized access.

57.     Defendants breached their duties by, among other things: (a) failing to implement and maintain adequate data security practices to safeguard Plaintiffs' and Class Members' PII, including administrative, physical, and technical safeguards; (b) failing to detect the Data Breach in a timely manner; and (c) failing to disclose that their data security practices were inadequate to safeguard Plaintiffs' and Class Members' PII.

58.     Plaintiffs and Class Members were probable and foreseeable victims of Defendants' inadequate data security. Defendants knew, or should have known, of the

15

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

risk of collecting and storing Plaintiffs and Class Member PII and the need for providing appropriate safeguards.

59.    The harm to Plaintiffs and Class Members was a proximate, reasonably foreseeable result of Defendants' breaches of aforementioned duties.

60.    Therefore, Plaintiffs and Class Members are entitled to damages in an amount to be proven at trial.

## COUNT TWO
## NEGLIGENCE PER SE

61.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

62.    Under the FTC Act, 15 U.S.C. § 45, Defendants had a duty to provide fair and adequate data security practices to safeguard Plaintiffs' and Class Members' PII.

63.    Under state data security statutes, Defendants had a duty to implement and maintain reasonable security procedures and practices to safeguard Plaintiffs' and Class Member's PII.

64.    Defendants breached their duties to Plaintiffs and Class Members under the FTCA and state data security statutes, by failing to provide fair, reasonable, or adequate data security practices to safeguard Plaintiffs' and Class Members' PII.

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

65.     Plaintiffs and Class Members were foreseeable victims of Defendants violations of the FTCA and state data security statutes. Defendants knew or should have known that their failure to implement reasonable security measures would cause damage to Plaintiffs and Class Members.

66.     Defendants' failure to comply with applicable law constitutes negligence per se.

67.     But for Defendants' violations of law, Plaintiffs' and Class Members' PII would not have been accessed by unauthorized parties.

68.     Due to Defendants' violations of law, Plaintiffs and Class Members suffered injury of the type contemplated by these laws, including but not limited to the exposure to a heightened and imminent risk of fraud, identity theft, financial and other harm. Plaintiffs and Class Members must monitor their financial accounts and credit histories more closely and frequently to guard against identity theft. Plaintiffs and Class Members also have incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for obtaining credit reports, credit freezes, credit monitoring, and other protective measures to detect or deter identity theft. The unauthorized acquisition of Plaintiffs' and Class Members' PII has also diminished the value of their PII.

69.     The harm to Plaintiffs and Class Members was a proximate, reasonably foreseeable result of Defendants' breaches of applicable law.

17

CLASS ACTION COMPLAINT

70.    Therefore, Plaintiffs and Class Members are entitled to damages in an amount to be proven at trial.

## COUNT THREE
## BREACH OF IMPLIED CONTRACTS

71.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

72.    Plaintiffs and Class Members were required to provide their PII to obtain services from Defendants. Plaintiffs and Class Members entrusted their PII to Defendants in order to obtain services from them.

73.    By providing Defendants with their PII, and Defendants' acceptance of this information, Plaintiffs and Class Members on one hand, and Defendants on the other, entered into implied contracts for the provision of adequate data security, separate and apart from any express contracts concerning the goods or services provided, whereby Defendants were obligated to take reasonable steps to secure and safeguard that information.

74.    Defendants had an implied duty of good faith to ensure that the PII of Plaintiffs and Class Members in its possession was only used in accordance with their contractual obligations.

75.    Defendants were therefore required to act fairly, reasonably, and in good faith in carrying out its contractual obligations to protect the confidentiality of

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

Plaintiffs' and Class Members PII and to comply with industry standards and laws and regulations for the security of this information.

76.     Under these implied contracts for data security, Defendants were further obligated to provide Plaintiffs and all Class Members, with prompt and sufficient notice of any and all unauthorized access and/or theft of their PII.

77.     Plaintiffs and Class Members performed all conditions, covenants, obligations, and promises owed to Defendants, including paying for the products or services offered by Defendants, and/or providing the PII required by Defendants.

78.     Defendants breached implied contracts by failing to take adequate security measures to protect the confidentiality of Plaintiffs' and Class Members' PII, which resulted in the data breach.

79.     Further, on information and belief, Defendants have not provided Data Breach notifications to affected Class Members who may already be victims of identity fraud or theft or are at imminent risk of becoming victims of identity theft or fraud, associated with the PII that they provided to Defendants. These Class Members are unaware of the source of their compromised PII.

80.     The Data Breach was a reasonably foreseeable consequence of Defendants' actions in breach of these contracts.

81.     Dut to Defendants' conduct, Plaintiffs and Class Members did not receive the full benefit of the bargain, and instead received services that were of a

19

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

diminished value as compared to the secure services they paid for. Plaintiffs and Class Members, therefore, were damaged in an amount at least equal to the difference in the value of the secure services they paid for and the services they received.

82.   No reasonable persons, including Plaintiffs or Class Members, would have provided Defendants with their PII if they had disclosed that their data security was inadequate or that it did not adhere to industry standard security.

83.   Plaintiffs and Class Members have suffered actual damages resulting from theft of their PII, loss of their PII, and remain at imminent risk of suffering additional future damages as a result of Defendants' breach.

84.   Due to Defendants' breach, Plaintiffs and Class Members have suffered actual damages from their attempt to mitigate the effect of the breach of implied contract and subsequent Data Breach, including, but not limited to, taking steps to protect themselves from the loss of their PII. Plaintiffs and Class Members have suffered actual identity theft and the ability to control their PII.

85.   Accordingly, Plaintiffs and Class Members have been injured as a result of Defendants' breach of implied contracts and are entitled to damages and/or restitution in an amount to be proven at trial.

20

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

## COUNT FOUR
### UNJUST ENRICHMENT

86.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

87.    Plaintiffs and Class Members bring this Count in the alternative to the breach of implied contract count above.

88.    Plaintiffs and Class Members conferred a monetary benefit on Defendants in the form of monetary payments—directly or indirectly—for services received.

89.    Defendants collected, maintained, and stored the PII of Plaintiffs and Class Members and, as such, Defendants had knowledge of the monetary benefits conferred by Plaintiffs and Class Members.

90.    The money that Plaintiffs and Class Members paid to Defendants should have been used to pay, at least in part, for the administrative costs and implementation of adequate data management and security. Defendant failed to implement—or adequately implement—practices, procedures, and programs to secure sensitive PII, as evidenced by the Data Breach.

91.    As a result of Defendants' failure to implement security practices, procedures, and programs to secure sensitive PII, Plaintiffs and Class Members suffered actual damages in an amount equal to the difference in the value between

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

goods and services with reasonable data privacy that Plaintiffs and Class Members paid for, and the services they received without reasonable data privacy.

92.    Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiffs and Class Members because Defendant failed to implement the data management and security measures that are mandated by industry standards and that Plaintiffs and Class Members paid for.

93.    Defendants should be compelled to disgorge into a common fund for the benefit of Plaintiffs and the Class all unlawful or inequitable proceeds received by Defendant. A constructive trust should be imposed upon all unlawful and inequitable sums received by Defendant traceable to Plaintiffs and the Class.

## <u>COUNT FIVE</u>
## DECLARATORY JUDGEMENT

94.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

95.    Plaintiffs and the Class have stated claims against Defendants based on negligence, negligence per se, breach of implied contracts, unjust enrichment, and violations of several statutes.

96.    Defendants failed to fulfill their obligations to provide adequate and reasonable security measures for the PII of Plaintiffs and the Class, as evidenced by the Data Breach.

22

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

97.    Due to the Data Breach, Defendants' systems are more vulnerable to unauthorized access and require more stringent measures to be taken to safeguard the PII of Plaintiffs and the Class moving forward.

98.    An actual controversy has arisen in the wake of the Data Breach regarding Defendants' current obligations to provide reasonable data security to protect the PII of Plaintiffs and the Class. Defendants maintain that their security measures were—and still are—reasonably adequate and denies that they previously had or have any obligation to implement better safeguards to protect the PII of Plaintiffs and the Class.

99.    Plaintiffs seek a declaration that Defendants must implement specific additional, prudent industry standard security practices to provide reasonable protection and security to the PII of Plaintiffs and the Class. Specifically, Plaintiffs and the Class seek a declaration that Defendants' existing security measures do not comply with their obligations, and that Defendants must implement and maintain reasonable security measures to comply with their data security obligations.

**B.    Claims Brought on Behalf of the California Subclass**

**COUNT SIX**
**VIOLATION OF CALIFORNIA CONSUMER PRIVACY ACT ("CCPA") CAL. CIV. CODE SECTION 1798.150, *et seq*.**

100.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

101. This claim is brought by California Plaintiff Parra on behalf of herself and the California Subclass.

102. Defendant Hot Topic is a corporation organized or operated for the profit or financial benefit of its owners.

103. Defendant Torrid is a limited liability company organized or operated for the profit or financial benefit of its owners.

104. Defendants collected consumers' personal information as defined in Cal. Civ. Code § 1798.140.

105. By failing to protect Plaintiff Parra's and California Subclass Members' PII from theft, exfiltration, or unauthorized disclosure, Defendants breached their duties to ensure adequate data security practices and violated § 1798.150 of the CCPA.

106. Defendants have a duty to implement and maintain reasonable security measures to protect Plaintiff Parra's and California Subclass Members' PII. Defendants failed to do so.

107. Defendants' actions directly and proximately caused Plaintiff Parra's and California Subclass Members' Private Information, including names, emails, addresses, phone numbers, birthdates, and credit card or other payment information, to be exfiltrated, stolen, disclosed, or subjected to unauthorized access.

108. Plaintiff Parra and California Subclass Members seek equitable relief to ensure Defendants sufficiently secure customers' Private Information by

24

CLASS ACTION COMPLAINT

implementing sufficient data security procedures and practices. Defendants continue to hold customers' PII, Plaintiff Parra and California Subclass Members have an interest in ensuring that their PII is reasonably protected, and Defendants have demonstrated their inability to sufficiently safeguard their information, demonstrated by the Data Breach.

109. An actual controversy now exists as to whether Defendant has implemented and maintained adequate security procedures and practices under the CCPA, in relation to the nature of the information.

110. Judicial intervention on this issue is necessary and appropriate under the circumstances to prevent further data breaches of Plaintiff Parra's and California Subclass Members PII.

111. Plaintiff Parra and California Subclass members seek statutory damages or actual damages, including actual financial losses that are a result of the unlawful data breach.

## COUNT SEVEN
### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq*. ("UCL")

112. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

113. Plaintiff Parra brings this claim on behalf of herself and members of the California Subclass.

25

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

114.   Defendants are "persons" under the UCL, Cal. Bus. & Prof. Code § 17201.

115.   Defendants violated the UCL through their unfair and unlawful business practices.

116.   Under California's UCL, Cal. Bus. & Prof. Code Section 17200, et seq., a business practice is "unfair" when "any injury it causes outweighs any benefits provide[d] to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

117.   Defendants' failures to implement and maintain adequate security measures do not benefit consumers. Defendants implemented insufficient, ineffective, and cheap security measures. Defendants diverted the funds necessary to ensure sufficient data security to their own profits, which lead to the Data Breach. Defendants did not follow necessary protocols, policies, and procedures necessary for security and encryption in line with industry standards and requirements. Defendants concealed and omitted the material fact that they inadequately secured Plaintiffs and Class Member PII. Defendants concealed and omitted the material fact that they did not fulfill their statutory obligations and common law duties for security of Class Members' PII. Defendants did not timely or adequately notify Plaintiffs or Class Members about the Data Breach, its scope, or the information exfiltrated, such that

26

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

they could not take appropriate mitigating steps to prevent identity theft and other harm.

118.   Defendants were deceptive, misleading, and unreasonable, constituting an unfair business practice as interpreted by Cal. Bus. And Prof. Code Section 17200. Defendants' actions, as described herein, has resulted in harm to consumers who paid for Defendants' products and services inconsistent with reasonable expectations of data security.

119.   California's UCL finds a business practice is "unlawful" when Defendants breach state or federal law and the "unfair competition law makes [these breaches] independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008). Defendants engaged in "unlawful" business practices by violating the FTC Act, 15 U.S.C. § 45, the CCPA, Cal. Civ. Code § 1798.100, and California Common law.

120.   Defendants' conduct, as alleged herein, is deceptive, misleading, unreasonable, and constitutes unlawful conduct. Defendants' conduct, including misrepresentations and omissions, was material because a regular consumer would be deceived about Defendants' data security standards. Defendants disregarded Plaintiffs' and Class Members' rights. Defendants maliciously, intentionally, and knowingly violated California's Unfair Competition Law.

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

121.    Defendants' unfair and unlawful conduct directly and proximately caused Plaintiffs' and Class Members' injuries, including lost money or property. But for Defendants' unfair and unlawful acts, Plaintiffs' and Class Members' harm would not have occurred, including an increased imminent risk of identity theft, a diminished value for their personal information, and necessary time and expenses for monitoring fraudulent activity. Due to Defendants' unlawful conduct, as alleged herein, customers who entrusted their Private Information to Defendants have suffered injuries-in-fact as a result of the Data Breach.

122.    Defendants' failure to enforce proper security measures violates public policy, which is designed to protect consumers' data and to ensure that organizations entrusted with such data adopt necessary security protocols. These objectives are reflected in laws such as the FTC Act, 15 U.S.C. § 45, and the CCPA, Cal. Civ. Code § 1798.100. Consumers cannot reasonably avoid the injuries that Defendants caused as alleged herein. Victims' injuries outweigh potential benefits to the Defendants. Defendants could have furthered their business interests in a manner other than this unfair conduct.

123.    Plaintiff Parra and California Subclass members seek an order enjoining Defendants from continuing their unlawful, deceptive, and unfair business practices. Plaintiff Parra and California Subclass members seek an order requiring Defendants to implement and maintain sufficient data security practices in accordance with their

28

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

statutory and common law duties. Plaintiff Parra and California Subclass members request an award for restitution for the money wrongfully acquired by Defendants' unfair and unlawful practices.

## COUNT EIGHT
## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT CALIFORNIA CIVIL CODE SECTION 1750, et seq. ("CLRA")

124. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

125. Plaintiff Parra brings this claim on behalf of herself and members of the California Subclass.

126. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale of goods. Cal. Civ. Code § 1770.

127. Defendants' unlawful conduct described herein was intended to increase sales to the consuming public and violated Section 1770(a)(5), (a)(7), and (a)(9) of the CLRA by representing that the products and services have characteristics and benefits, such as appropriate data security, that they do not have.

128. Defendants fraudulently deceived Plaintiff Parra and the California Subclass by representing that their products and services have certain characteristics, benefits, and qualities which they do not have, namely data protection and security. In doing so, Defendants intentionally misrepresented and concealed material facts

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

from Plaintiff Parra and the California Subclass, specifically by advertising secure services when Defendants in fact failed to institute adequate security measures and neglected system vulnerabilities that led to a data breach. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff Parra and the California Subclass and depriving them of their legal rights and money.

129. Defendants' claims about the products and services led and continues to lead consumers like Plaintiffs to reasonably believe that Defendants have implemented adequate data security measures when Defendants in fact neglected system vulnerabilities that led to a data breach and enabled hackers to access customers' PII.

130. Defendants knew or should have known that adequate security measures were not in place and that consumers' PII was vulnerable to a data breach.

131. Plaintiff Parra and the California Subclass have suffered injury in fact as a result of and in reliance upon Defendants' false representations.

132. Plaintiff Parra and the California Subclass would not have purchased the products or used the services or would have paid significantly less for the products and services, had they known that their Personal Information was vulnerable to a data breach.

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

133.    Defendants' actions as described herein were done with conscious disregard of Plaintiff Parra's and the rights of California Subclass members, and Defendants were wanton and malicious in their concealment of the same.

134.    Plaintiff Parra and the California Subclass have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff Parra paid for products and services advertised as secure, and consequentially entrusted Defendants with her PII, when Defendants in fact failed to institute adequate security measures and neglected vulnerabilities that led to a data breach. Plaintiff Parra and the California Subclass would not have purchased the products and services, or would not have provided Defendants with their PII, had they known that their Personal Information was vulnerable to a data breach.

135.    Defendants should be compelled to implement adequate security practices to protect customers' PII. Additionally, Plaintiff Parra and the members of the California Subclass lost money as a result of Defendants' unlawful practices.

136.    Plaintiff Parra and California Subclass Members seek all monetary and nonmonetary relief allowed by law including restitution; reasonable attorneys' fees and costs under California Code of Civil Procedures § 1021.5; and injunctive relief under the CLRA pursuant to Cal. Civ. Code 1782(d) and other appropriate equitable relief.

31

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

## VII.    PRAYER FOR RELIEF

137.    Plaintiffs, on behalf of themselves and on behalf of the proposed Class and Subclass, requests that the Court:

(a) Certify this case as a class action, appoint Plaintiffs as class representatives, and appoint Plaintiffs' Counsel as Class Counsel for Plaintiffs to represent the Class.

(b) Find that Hot Topic and Torrid breached their duties to safeguard and protect the PII of Plaintiffs and Class Members that was compromised in the Data Breach;

(c) Award Plaintiffs and Class Members appropriate relief, including actual and statutory damages, restitution and disgorgement;

(d) Award equitable, injunctive and declaratory relief as may be appropriate;

(e) Award all costs, including experts' fees and attorneys' fees, and the costs of prosecuting this action;

(f) Award pre-judgment and post-judgment interest as prescribed by law; and

(g) Grant additional legal or equitable relief as this Court may find just and proper.

CLASS ACTION COMPLAINT

Cotchett, Pitre & McCarthy, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101

DATED this 5th day of December, 2024.

**COTCHETT, PITRE & MCCARTHY, LLP**

By:    */s/Thomas E. Loeser*
Thomas E. Loeser, Cal Bar No. 202724
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206)-802-1272
Facsimile: (206)-299-4184
tloeser@cpmlegal.com

*Attorney for Plaintiffs*

CLASS ACTION COMPLAINT

33